[899 NYS2d 861]

In the Matter of Thomas Edward Wynne, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, May 11, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion dated June 18, 2009, this Court granted the motion of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) to suspend the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a prima facie showing that he failed to cooperate with its investigation. This Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent and referred the issues to the Honorable Elaine Jackson Stack, as Special Referee, to hear and report. The order directed the respondent to serve and file an answer within 20 days after service upon him of a copy of the decision and order on motion.

The Grievance Committee now moves to impose discipline upon the respondent upon his default in filing and serving an answer to the petition, and to deem the charges contained therein established.

A copy of this Court's decision and order on motion dated June 18, 2009 was served on the respondent by affixing a copy of the document to the door of his residence and business at 15 Grand Avenue, Suite 1, Baldwin, NY 11510 on July 8, 2009, and mailing a copy of the document, by regular and certified mail, to that address on that same day. The petition dated February 9, 2009 was served upon the respondent in the same manner. The charges involve a pervasive pattern of failure to cooperate with the Grievance Committee's investigation into multiple complaints of professional misconduct. The complaints emanate from dishonored checks and failure to release funds held in connection with a real estate transaction and a foreclosure action. The respondent failed to comply with judicial subpoenas and subpoenas duces tecum, and has evaded service by the Grievance Committee.

The respondent failed to file and serve an answer although more than 20 days have elapsed since service upon him was effectuated. Accordingly, the respondent is in default and the charges contained in the petition must be deemed established.

The instant motion to impose discipline upon the respondent's default was both personally served on him and served via regular and certified mail on August 20, 2009. No response or request for an extension of time in which to reply has been received.

Accordingly, the Grievance Committee's motion is granted and, effective immediately, the respondent is disbarred on

default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas Edward Wynne, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Thomas Edward Wynne, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Thomas Edward Wynne, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas Edward Wynne, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).